1  **Rebecca A. Caley, Bar No. 131997**
   **Christopher M. Domin, Bar No. 273951**
2  **CALEY & ASSOCIATES**
   A Professional Corporation
3  265 S. Randolph Avenue, Suite 270
   Brea, California 92821-5777
4  **714/529-1400 - Office**
5  **714/529-1515 - Facsimile**
   File No. 2030-310
6
7  Attorneys for Deponent,
   BMW Financial Services NA, LLC
8

9                UNITED STATES DISTRICT COURT
10               CENTRAL DISTRICT OF CALIFORNIA
11                     SOUTHERN DIVISION
12

13 | SHEILA SENGSTOCK,              | Case No. 8:23-cv-00550 DOC (DFMx)
14 |         Plaintiff,             |
15 |     v.                         | **STIPULATED PROTECTIVE ORDER**
16 | EXPERIAN INFORMATION           |
17 | SOLUTIONS, INC., and TRANS     |
   | UNION LLC,                     |
18 |                                |
19 |         Defendant.             |

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action is likely to involve production of information that includes confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, Parties to this litigation Sheila Sengstock, Trans Union LLC, (collectively "Parties") and Non-Party to this litigation, BMW Financial Services NA LLC ("BMW FS") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties and Non-Party BMW FS have stipulated that all deposition testimony and documents produced in this lawsuit by BMW FS shall be limited to publication and use by the Parties in the proceedings set forth in 3.1, 3.1(a) and 3.1(b).  The Parties and BMW FS further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party or Non-Party seeks permission from the court to file material under seal.

2. **GOOD CAUSE STATEMENT**

Good cause exists for entry of this Stipulated Protective Order because this action is likely to involve testimony and documents that also include the exchange of confidential and proprietary information, including information relating to trade secrets, confidential research, marketing, cost, price, technical, or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). This action will also involve the exchange of personal income, credit and other confidential information of Plaintiff. An order of this Court is necessary to protect the Parties and BMW FS from annoyance, embarrassment, oppression, or undue burden or expense related to the disclosure of confidential, proprietary or private information of the Parties and BMW FS for purposes other than prosecuting and defending this litigation.  The protection of this information is also vital to

protecting BMW FS's business competition interests and intellectual property interests.  Moreover, private information of third parties may also be disclosed. The unrestricted or unprotected disclosure of such private business and/or financial information would result in prejudice or harm to BMW FS and third parties by revealing their information which could result in the loss of business and/or a violation of federal and state privacy laws.

Accordingly, to facilitate the prompt resolution of disputes over deposition testimony and documents including that information considered confidential of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for the publication of this information is justified in this matter.  It is the intent of the Parties that all deposition testimony and documents produced by Non Party BMW FS pursuant to Subpoena in this lawsuit shall be limited to the Parties and their witnesses only including those other actions specifically set forth below in Section 3.1-3.1(b).

**3.     DEFINITIONS**

3.1     Action:  *Sheila Sengstock v. Experian Information Solutions, Inc. et al.*, No. 8:23-cv-00550-DOC- DFM.

3.1(a) State Court Action: *Sheila Sengstock v. BMW Financial Services NA, LLC*, LASD Case No. 23STCV06660, including any potential derivative arbitration between Sheila Sengstock and BMW FS.

3.1(b) Arbitration: The active JAMS arbitration between Sengstock and Experian Information Solutions, Inc.

3.2     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

///

3.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

3.4 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

3.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.8 <u>House Counsel</u>: attorneys who are regularly engaged in providing legal advice to a party to this Action outside of this Action.

3.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

3.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party and includes support staff.

3.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

///

1    3.12   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3    3.13   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

7    3.14   Protected Material:  any Disclosure or Discovery Material that is produced in discovery by BMW FS and any other material designate by any Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

11   3.15   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**4.   SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

Any Protected Materials produced by the Parties in this Action are prohibited from use for any purpose other than prosecuting and/or defending the litigation in this Action, the State Court Action, and the Arbitration.

**5.   DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action,

with or without prejudice; (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law; and, (3) all proceedings defined in Paragraph 3(a) and 3(b).

## 6. DESIGNATING PROTECTED MATERIAL

6.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties and BMW FS that it is withdrawing the inapplicable designation.

6.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents, it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) <u>for testimony given in depositions</u> that the Designating Party identify the Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," in whole or in part, either on the record during the deposition or within thirty (30) days after receipt of the written transcript by the Designating Party. Until that time, and unless otherwise

indicated in writing or on the record, all deposition testimony shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," to permit counsel for the Party or Non-Party deposed an opportunity to designate the deposition testimony as Protected Material.  If designation is made during the 30-day period after receipt of the transcript, all Parties and Non-Parties in possession of the transcript at the time of receiving the designation or thereafter shall place the label "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," on the front cover of the transcript, on each or all of the exhibits and/or pages so designated, and on each copy thereof upon notice that the confidential designation has been made. In the event that a Party or Non-Party needs to file a deposition transcript with the Court prior to the expiration of the thirty (30) day period set forth above, that entire transcript shall be treated as if it had been designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

        (c)    <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

        6.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**7.**    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

        7.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's

Scheduling Order.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party or Non-Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2   Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq*.

7.3   The burden of persuasion in any such challenging proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties and Non-Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**8.   ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1   Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action, the State Court Action, and the Arbitration, only.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

///

8.2     **Disclosure of "CONFIDENTIAL" Information or Items.**  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action, the State Court Action, and the Arbitration;

(b) the officers, directors, employees, and House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this Action, the State Court Action, and the Arbitration;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff; professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be designated in accordance with Section 6.2(b) and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) any, arbitrator, mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

8.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) One (1) House Counsel of the Receiving Party to whom it is reasonably necessary to disclose the information for this Action, and who shall be identified to the Disclosing Party prior to any such disclosure;

(c) Experts of the Receiving Party to whom it is reasonably necessary to disclose the information for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). The right of any Expert, including support staff employed by such expert, to receive confidential information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" will be subject to the advance approval of such expert by the Producing Party or by permission of the Court. The Party seeking approval of an Expert to access such confidential information must provide the Producing Party with the name and curriculum vitae of the Expert. Any objection by the Producing Party to an Expert receiving confidential information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must be made in writing within seven (7) days following receipt of the identification of the Expert to whom access is proposed. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed to an Expert if the seven (7) day period has passed,

and no objection has been made. The approval of Experts access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information must not be unreasonably withheld;

    (d)    the Court and its personnel;

    (e)    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

    (g)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

    Notwithstanding the foregoing, the Parties and BMW FS recognize that it may be desirable to permit certain summary financial or other information derived from Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to be considered by the Receiving Party for purposes of mediation and/or settlement negotiations. Accordingly, should Counsel for the Receiving Party believe that it would be beneficial to review certain "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material with a person identified in Section 8.2(b), Counsel may request permission from Counsel for the Designating Party by disclosing, in writing, the particular document or information sought to be disclosed and the person(s) identified in Section 8.2(b) to whom the information is to be disclosed. Counsel for the Designating Party shall not unreasonably withhold such permission. Upon receipt of written authorization of Counsel for the Designating Party, but not otherwise, Counsel for the Receiving Party may review the identified Discovery Material with the identified person(s).

    Any Discovery Material authorized to be disclosed to person(s) identified in Section 8.2(b) pursuant to this Section shall remain designated "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order and all of the remaining provisions of this Protective Order shall remain applicable to them.

  8.4 <u>Counseling</u>.  This order does not bar an attorney, in rendering advice to the attorney's client with respect to this action, from conveying in a general way to a client representative the attorney's evaluation of "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, including potential damages information, that such client representative is prohibited from receiving.

## 9.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If any Party or BMW FS is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party or Non-Party, must:

 (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

 (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

 (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that

court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

   (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to confidentiality agreement with a Non-Party;

   (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

   (3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the

confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**11. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties and BMW FS reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties and BMW FS may incorporate their agreement in the stipulated protective order submitted to the court.

**13. <u>MISCELLANEOUS</u>**

13.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

///

1	13.2	Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party or Non -Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party or Non-Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

	13.3	Filing Protected Material.  A Party or Non-Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's or Non-Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**14.	FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial

exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 (DURATION).

   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  November 19, 2023     TRUEBLOOD LAW FIRM

By: */s/ Alexander B. Trueblood*
   Alexander B. Trueblood

Attorneys for Plaintiff
SHEILA SENGSTOCK

Dated:  November 30, 2023     CALEY & ASSOCIATES

By: */s/ Rebecca A. Caley*
   Rebecca A. Caley

Attorneys for Subpoenaed Party
BMW FINANCIAL SERVICES NA, LLC

Dated:  November 30, 2023     TRANS UNION LLC

By: */s/ Kyle Pietrzak*
   Kyle Pietrzak

Attorneys for Defendant
TRANS UNION LLC

**SIGNATURE CERTIFICATION**

I, Rebecca A. Caley, hereby attest pursuant to Civil Local Rule 5-4.3.4 that all other signatories listed, and on whose behalf this filing is submitted, concur in the contents of this filing and have authorized the filing.

Executed November 30, 2023, at Brea, California.

*/s/ Rebecca A. Caley*
Rebecca A. Caley

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: December 27, 2023

Honorable Douglas F. McCormick
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Sheila Sengstock v. Experian Information Solutions, Inc. et al.*, No. 8:23-cv-00550-DOC-DFM. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____